

1  CHARLES GEERHART (SBN 139769)
   PAOLI & GEERHART, LLP
2  785 Market Street, Suite 1150
   San Francisco, CA 94103
3  (415) 498-2101

4  Attorney for Plaintiffs
   HANAN AREIQAT AND HADEEL AREIQAT

E-filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV 10 1113

| | |
|---|---|
| HANAN AREIQAT AND HADEEL AREIQAT<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; JOHN BURKE, Star # 2240, individually and in his capacity as a San Francisco police officer; VICTOR HUI, Star # 1370, individually and in his capacity as a San Francisco police officer; DAVID ALBRIGHT, star # 104, individually and in his capacity as a San Francisco police officer; JOSEPH VALDEZ, Star #4228, individually and in his capacity as a San Francisco police officer; PATRICK GRIFFIN, Star # 1835, individually and in his capacity as a San Francisco police officer; ELMER NAJARRO star # 1078, individually and in his capacity as a San Francisco police officer and DOES 1-30<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br>**(JURY TRIAL DEMANDED)** |

*Areiqat v. City/County of SF et al*
USDC No. _____
COMPLAINT FOR DAMAGES                    1

1  Plaintiffs HANAN AREIQAT AND HADEEL AREIQAT hereby allege as follows:

2 JURISDICTION

3  1.  This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is
4  conferred upon this Court by Title 28 of the United States Code, Section 1331 and 1343. The
5  unlawful acts and practices alleged occurred in the city of San Francisco, California, which is within
6  this judicial district.

7  2.  Pursuant to 42 U.S.C. 1367(a) this court has supplemental jurisdiction over the state claims
8  brought in this action. The federal and state law claims arise from a common set of operative facts
9  and from the same set of transactions and occurrences.

10 PARTIES

11  3.  Plaintiffs HANAN AREIQAT AND HADEEL AREIQAT [hereafter collectively referred to
12  as "PLAINTIFFS"] are and at all times herein mentioned, were residents of Daly City, State of
13  California. Plaintiffs are of Palestinian national origin.

14  4.  Defendant CITY AND COUNTY OF SAN FRANCISCO [hereinafter CCSF] is a municipal
15  corporation, duly organized and existing under the laws of the State of California.

16  5.  At all times mentioned herein, Defendants JOHN BURKE, Star # 2240; VICTOR HUI, Star
17  # 1370; DAVID ALBRIGHT, star # 104; JOSEPH VALDEZ, Star #4228; PATRICK GRIFFIN, Star
18  # 1835; ELMER NAJARRO, star # 1078; and DOES 1-30 [hereafter sometimes referred to
19  collectively as "Defendants"] were employed as a police officers for Defendant CCSF. BURKE,
20  HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO, and DOES 1-30 are sued individually and in
21  their capacity as police officers for CCSF. By engaging in the conduct described herein, Defendants
22  BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO, and DOES 1-30 acted under color of
23  law and in the course and scope of their employment for Defendant CCSF. By engaging in the
24  conduct described herein, Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO
25  and DOES 1-30 exceeded the authority invested in them as police officers under the U.S.
26  Constitution and as employees of CCSF.

*Areiqat v. City/County of SF et al*
USDC No. _____
COMPLAINT FOR DAMAGES                    2

6. Plaintiff is ignorant of the true names and capacities of Defendant DOES 1 through 30, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages suffered by plaintiff as set forth herein. Plaintiff will amend this complaint to state the true names and capacities of Defendant DOES 1 through 30, inclusive, when they have been ascertained. Plaintiffs attempted to ascertain the names of all officers who worked at this event as well as those pictured in the Youtube video (Exhibit A hereto) by requesting police reports and the names of the officers from the San Francisco Police Department, the OCC, and the San Francisco City Attorney's office, but received no substantive responses. In response to plaintiffs' written request for names of officers, Ronnie Wagner, "Legal Counsel" for the SFPD Police Legal Division stated in a letter dated March 4, 2010, "There is no legal authority obliging SFPD Police Legal Division Personnel to undertake investigatory action in support of your clients' preparation of a civil lawsuit." Plaintiffs therefore allege that the SFPD and its counsel have prevented plaintiffs from discovering the true identities of all potentially liable officers.

7. At all times mentioned herein, each named and each DOE Defendant was the agent or employee of Defendant CCSF, and in doing the things alleged, were acting within the course and scope of such agency or employment, and with the actual or implied permission, consent, authorization, and approval of Defendant CCSF.

## STATEMENT OF FACTS

8. On March 21, 2009, at about 2:30 p.m., Plaintiff Hadeel Areiqat, was participating (marching) with her sister, Plaintiff Hanan Areiqat, and friends in the Palestinian peace protest in downtown San Francisco in the Civic Center area. Plaintiffs saw San Francisco Police officers, names unknown, grab a young boy (perhaps eight years old) and handle him roughly. When Plaintiffs and others told police to leave the boy alone, San Francisco police officers, including Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30, retaliated by pushing and hitting Plaintiffs, and others. An officer, name unknown, with badge

number ending in "53" is visible on the Youtube video at the 3:01 time stamp striking plaintiffs. Plaintiffs will amend the complaint to name this officer as a defendant as soon as is practicable through the discovery process. Video footage of some of the officers' conduct on the date in question can be viewed at

http://www.youtube.com/watch?v=XWlSbdCmPcU; This link was active as of March 12, 2010. Plaintiffs attach as Exhibit A to this Complaint a true copy of this video on DVD.

In the video, Hanan is wearing a black checked scarf, black jacket, jeans and black canvas tennis shoes. Hadeel is wearing a yellow hoodie with black or brown jacket over it, and blue jeans.

9. San Francisco Police Officers, including Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and/or DOES 1-30 also yelled at Plaintiffs, calling them "bitch" and "terrorist." Officers also told Plaintiffs, "Go back home" and "All you're good for is fucking guys."

10. Plaintiffs alleges that Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 were negligent in their handling of this incident in that no police officer should have struck Plaintiffs or laid hands on them in any way, as they were engaged in free speech and assembly, were not violating any law and posed no credible threat to anyone. The seizure of Plaintiffs was unjustified. Even if force were justified, excessive force was used.

11. Plaintiffs also alleges that Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 intentionally battered and assaulted them.

12. Plaintiffs further alleges that Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 discriminated against them based on their sex (female) and race and ethnicity (Palestinian), as no other non-minority person would ever have been subjected to this kind of treatment.

13. Plaintiffs further alleges that the above facts are part of a pattern and practice based on unwritten policy or custom in the SFPD to harass minorities or persons of color under the guise of "crowd control."

14. Plaintiffs further alleges that SFPD failed to properly train the officers involved and failed to

1 properly supervise the officers involved.

2

## DAMAGES

15. As a proximate result of Defendants' conduct, plaintiffs suffered serious physical injuries. Hanan Areiqat suffered injuries to head and concussion due to being struck by a baton, bruised arms/legs; busted lip, rib contusions, chest contusion; headaches; and sore eyes. Hadeel Areiqat suffered injuries including, but not limited to, a broken leg; sprain/strain of knee; broken ribs; injuries to neck and back. Plaintiffs also experienced pain and suffering. As a further proximate result of Defendants' conduct, Plaintiffs suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, loss of security and dignity.

16. As a further proximate result of Defendants' conduct, plaintiffs have incurred medical expenses and lost income and loss of earning capacity.

17. The conduct of Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 was malicious, mean spirited, wanton and oppressive. Plaintiff is therefore entitled to an award of punitive damages against Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30.

18. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of all attorney fees incurred in relation this action for violation of their civil rights.

## FIRST CAUSE OF ACTION
(42 U.S.C. 1983)
(Against Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30)

19. Plaintiff realleges and incorporates by reference paragraphs 1 through 18 of this complaint.

20. In doing the acts complained of, Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 acted under color of law to deprive the Plaintiffs of certain

*Areiqat v. City/County of SF et al*
USDC No. _____
COMPLAINT FOR DAMAGES                                    5

constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable search and seizure, as guaranteed by the Fourth Amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;

e. The right to be free from cruel and unusual punishment; and from pre-charging and pre-judgment punishments, as guaranteed by the Eighth Amendment to the United States Constitution;

f. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

g. The right of freedom of speech and assembly, as protected by the First Amendment to the United States Constitution.

21. As a proximate result of the wrongful conduct of Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30, Plaintiffs suffered injuries and damages as set forth.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## SECOND CAUSE OF ACTION
(42 U.S.C. 1983 Monell)
(Against defendant CITY AND COUNTY OF SAN FRANCISCO AND DOES 1-30)

22. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 21 of this complaint.

23. Defendants CCSF, and DOES 1 through 30, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional

*Areiqat v. City/County of SF et al*
USDC No. _____
COMPLAINT FOR DAMAGES                     6

1  violations and practices by Defendant police officers herein and other CCSF peace officers,
2  constituting the use of unnecessary and excessive force against persons and false arrests of persons.
3  Despite said notice, Defendants CCSF, and DOES 1 through 30 have demonstrated deliberate
4  indifference to this pattern and practices of constitutional violations by failing to take necessary,
5  appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by
6  CCSF police officers. This lack of adequate supervisorial response by Defendants CCSF, and DOES
7  1 through 30 demonstrates ratification of the Defendant Officers' unconstitutional acts, as well as the
8  existence of an informal custom or policy which tolerates and promotes the continued use of
9  excessive force against and violation of civil rights of persons by CCSF police officers.
10 24. The acts of Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and
11 DOES 1-30 alleged herein are the direct and proximate result of the deliberate indifference and
12 policy and/or practice of Defendants CCSF, and DOES 1 through 30 and their supervisory officials
13 and employees to violations of the constitutional rights of persons by Defendant police officers
14 herein, and other members of the San Francisco Police Department. The Plaintiffs' injuries were
15 foreseeable and a proximate result of the deliberate indifference of the CCSF, and DOES 1 through
16 30 to the pattern, practices, customs, and policies described above.
17 WHEREFORE, Plaintiffs pray for relief as set forth herein.

### THIRD CAUSE OF ACTION
(42 U.S.C. 1981)
(Against Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30)

20 25. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 24 of this
21 complaint.
22 26. In committing the wrongful acts described herein above, Defendant Defendants BURKE,
23 HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 engaged in the racially
24 motivated misuse of government power.
25 27. The above-described acts of Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN,
26 NAJARRO and DOES 1-30 further deprived plaintiffs of their rights protected by 42 U.S.C. 1981, to

1 the full and equal benefit of all laws and proceedings for the security of persons and property and is
2 enjoyed by White or Caucasian persons, and to be subject to like punishment, pains, penalties, and
3 exactions of every kind, and to no other.

28. The conduct of Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 was committed with the intent to deprive plaintiffs of the above-described rights.

29. The wrongful conduct of Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 proximately resulted in plaintiffs suffering injuries and damages as set forth.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### FOURTH CAUSE OF ACTION
(California Civil Code Sec. 51.7)
(Against BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30)

30. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 29 of this complaint.

31. Plaintiff is informed and believes and thereon allege that the instant conduct based upon a past pattern and practice of similar conduct of Defendant BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30, as described herein, was motivated by racial or ethnic prejudice against the Plaintiffs. By engaging in such conduct, Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 violated Plaintiffs' rights under California Civil Code sec. 51.7 to be free from violence or intimidation by threat of violence committed against them because of their race, color, or ancestry.

32. Under the provisions of California Civil Code sec. 52(b), Defendant BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 are liable for each and every offense for exemplary damages, for civil penalties of twenty-five thousand dollars ($25,000) in addition thereto, and for the payment of Plaintiffs' attorney's fees.

33. As a proximate result of the wrongful conduct of Defendants BURKE, HUI, ALBRIGHT,

VALDEZ, GRIFFIN, NAJARRO and DOES 1-30, Plaintiffs suffered damages as set forth herein.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### FIFTH CAUSE OF ACTION
(Assault and Battery)
(Against BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30)

34. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 33 of this complaint.

35. Defendant BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 placed Plaintiffs in immediate fear of severe bodily harm by physically seizing and battering them without any just provocation or cause.

36. Plaintiffs did not consent to this offensive contact. The conduct of Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 was neither privileged nor justified under statute or common law.

37. The conduct of Defendant BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 proximately resulted in Plaintiffs suffering damages as set forth herein.

WHEREFORE, plaintiffs pray for relief as set forth herein.

### SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30)

38. Plaintiffs realleges and incorporates by reference herein paragraphs 1 through 37 of this complaint.

39. The conduct of Defendant BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30, as set forth herein, was willful, and was done with the intent to inflict and did cause severe mental and emotional distress upon Plaintiffs.

WHEREFORE, Plaintiffs prays for relief as set forth herein.

### SEVENTH CAUSE OF ACTION

(Negligence)
(Against BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30)

40. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 39 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

41. At all times herein mentioned, Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 were subject to a duty of care, to avoid causing unnecessary physical harm and distress to persons in the exercise of their police function. The conduct of Defendant BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30, as set forth herein, did not comply with the standard of care to be exercised by reasonable peace officers nor did it comply with police department procedures, and proximately caused Plaintiffs to suffer damages as set forth.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### EIGHTH CAUSE OF ACTION
(Negligent Selection, Training, Retention, Supervision, Investigation, and Discipline)
(Against CCSF and DOES 1-30)

42. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 41 of this complaint.

43. Defendants CCSF and DOES 1 through 30 have, at all times mentioned herein, had a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 herein so as to avoid unreasonable risk of harm to persons.

44. Defendants CCSF, and DOES 1 through 30, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by Defendant BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO

*Areiqat v. City/County of SF et al*
USDC No. _____
COMPLAINT FOR DAMAGES                    10

and DOES 1-30, and other CCSF police deputies, including the use of unnecessary and excessive force against persons and the deprivation of their liberty and property without good cause and illegal search and seizure without probable cause or a search warrant.

45. Despite this notice, Defendants CCSF, and DOES 1 through 30 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent this continued perpetuation of this pattern of conduct by CCSF police, and BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30.

46. Defendants CCSF, and DOES 1 through 30 breached their duty of care to persons in that they have failed to adequately train Defendants BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30, and other CCSF police officers, in the proper use of force in the course of their employment as peace officers. This lack of adequate supervisorial response by Defendants CCSF, and DOES 1 through 30, and lack of adequate supervisorial training, demonstrates the existence of an informal custom or policy which tolerates and promotes the continuing use of excessive force against and violation of civil rights of persons by CCSF police officers and BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30.

47. The wrongful conduct of Defendants CCSF, and DOES 1 through 30 proximately resulted in Plaintiffs suffering damages as set forth herein.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### NINTH CAUSE OF ACTION
(Respondeat Superior)
(Against CCSF AND DOES 1-30)

48. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 47 of this complaint.

49. Defendant BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 committed the acts described above within the course and scope of their employment as police

*Areiqat v. City/County of SF et al*
USDC No. _____
COMPLAINT FOR DAMAGES                              11

1 officers for CCSF, and DOES 1 through 30.

2 50. Defendants CCSF, and DOES 1 through 30 are therefore liable under all causes of action brought against Defendant BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 herein for the injuries and damages suffered by Plaintiffs as set forth herein.

WHEREFORE, Plaintiffs prays for relief as set forth herein.

## TENTH CAUSE OF ACTION
(California Civil Code sec. 52.1)
(Against CCSF, BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30)

51. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 50 of this complaint.

52. The conduct of defendant BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 as described herein violated California Civil Code sec. 52.1 in that they interfered with plaintiffs' exercise and enjoyment of their civil rights, as enumerated above, through use of wrongful force.

53. As a direct and proximate result of defendants' violation of Civil Code sec. 52.1, plaintiffs suffered violation of their constitutional rights, and suffered damage as set forth herein.

54. Since the conduct of officer BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 occurred in the course and scope of their employment, defendant CCSF is therefore liable to plaintiffs pursuant to respondeat superior.

55. Plaintiffs are entitled to injunctive relief and an award of reasonable attorney's fees pursuant to Civil . Code sec. 52.1 (h).

WHEREFORE, Plaintiffs prays for relief as set forth herein.

## CLAIM REQUIREMENT

56. For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiff have complied with all applicable requirements.

*Areiqat v. City/County of SF et al*
USDC No. _____
COMPLAINT FOR DAMAGES                                12

| | |
|---|---|
| 1 | JURY DEMAND |
| 2 | 57. Plaintiffs hereby demand a jury trial in this action. |
| 3 | PRAYER |

WHEREFORE, Plaintiffs pray for relief as follows:

1. General damages according to proof at trial;

2. Special damages (including medical expenses and wage loss) according to proof at trial;

3. Punitive damages against individually named peace officers BURKE, HUI, ALBRIGHT, VALDEZ, GRIFFIN, NAJARRO and DOES 1-30 according to proof at trial;

4. Exemplary damages and a civil penalty of $25,000 for each violation against Plaintiff of Civil Code sec. 52.1(b) and reasonable attorney's fees, pursuant to Civil Code sec. 52.1 (h);

5. Reasonable attorney fees pursuant to 42 U.S.C. sec. 1988;

5. Costs of suit incurred herein;

6. Such other and further relief as the Court may deem just and proper.

Dated: March 12, 2010               PAOLI & GEERHART LLP

                                    _____
                                    CHARLES GEERHART
                                    Attorney for Plaintiffs

1  CHARLES GEERHART (SBN 139769)
   PAOLI & GEERHART, LLP
2  785 Market Street, Suite 1150
   San Francisco, CA 94103
3  (415) 498-2101

4  Attorney for Plaintiffs
   HANAN AREIQAT AND HADEEL AREIQAT

8              UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANAN AREIQAT AND HADEEL AREIQAT<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO; JOHN BURKE, Star # 2240, individually and in his capacity as a San Francisco police officer; VICTOR HUI, Star # 1370, individually and in his capacity as a San Francisco police officer; DAVID ALBRIGHT, star # 104, individually and in his capacity as a San Francisco police officer; JOSEPH VALDEZ, Star #4228, individually and in his capacity as a San Francisco police officer; PATRICK GRIFFIN, Star # 1835, individually and in his capacity as a San Francisco police officer; ELMER NAJARRO star # 1078, individually and in his capacity as a San Francisco police officer and DOES 1-30<br><br>Defendants. | Case No.<br><br>**EXHIBIT A TO COMPLAINT FOR DAMAGES** |

*Areiqat v. City/County of SF et al*
USDC No. _____
EXH A TO COMPLAINT

